Good morning, your honors. May it please the court. David Anicarico for the appellant, Mr. Galvez. If I may, I'd like to reserve two minutes for rebuttal. All right, counsel, please be reminded that the time showing is your total time remaining. Thank you. Two very serious corruptions of the trial process denied Mr. Galvez his right to a fair trial and made the verdict unreliable. First, the whether to testify after hearing only half of the prosecution's evidence. And second, the court deprived him of his right to a jury decision on insanity by directing the verdict. I'll turn first to the error of forcing Mr. Galvez to testify in the middle of the prosecution's case or else give up his right of testimony. This is a straightforward, reversible error. Brooks held that the prosecution's case was a case of false witnesses. And here, Mr. Galvez was forced to testify in the middle of the prosecution's case. So we have an even stronger case here than the leading Supreme Court case of Brooks. This error requires automatic reversal. Brooks reversed without conducting any harmless error analysis. And subsequent Supreme Court cases have reaffirmed that Brooks error requires per se reversal. Counsel, from your briefing and from your argument, it sounds like you would acknowledge that Brooks is your best case. Is that right? Yes, Your Honor. And, of course, that case is different in that it was addressing a statute. And it was also addressing the order of testimony within the defense case. How do you get around the clearly established requirement under the standard of review that we have to apply? Your Honor, Brooks establishes the principle that the defendant has a right to a full survey of all the evidence before deciding whether to testify. And whether it's a statute or it's the court that's forcing the defendant to inappropriately to make that decision prematurely, the effect is exactly the same. Because Mr. Galvez is required to testify after hearing only half of the prosecution's evidence. It's absolutely true that a defendant can't be required to defend against evidence that he hasn't yet heard. So we have a very strong case here that's squarely within Brooks' rule. It turned out that, am I right, that the state had two witnesses? That's correct. And so your client was required to testify in between them. And the testimony that they gave, they were both officers, was largely duplicative. Correct? That's correct, Your Honor. So if we were to decide that the harmless error standard applies, wouldn't there just be harmless error here, given that the case was laid out with the first officer before your client testified? No, Your Honor. There is a, within the Brecht standard, there was an injurious influence on the verdict here. There's a grave risk that the jury's evaluation of the evidence was negatively influenced by Mr. Galvez being forced to make the premature decision to testify because it may well have been his presentation on the stand that caused the jury to doubt him. As the Brooks case points out, the defense decision for the defendant, whether to testify is one of the most critical defense decisions there is. And it's a risky one because a skilled prosecutor, as Brooks says, can make even a truthful defendant look like a liar. And here we have a defendant who had a serious anxiety disorder, who stuttered while he testified, who admitted to ingesting copious amounts of intoxicants and getting behind the wheel, driving unsafely with a firearm in the car. It's very easy for that to have doomed his defense, for his own presentation on the stand to have been what colored the jury against him. And he may not have made that decision to testify if he and counsel had been able to, as Brooks requires, conduct a full survey of all the evidence, at least of all the prosecution's evidence. But also he had yet to have his defense witness testify. They could have determined that he didn't need to testify and in fact, shouldn't. And that may well have been what colored, convinced the jury to find him guilty here. Also, there's no indication that he would have, that he had any equivocation about testifying in the record, is there? That's incorrect, your honor. That's by the state court, an unreasonable reading of the record. In fact, the trial court expressly recognized, this is on pages 20 to 21 of the court of appeals opinion. The trial court expressly recognized that Mr. Galvez was equivocal. I get the impression from you that you're somewhat equivocal in giving up your right to remain silent, that you feel it should be conditional in some respect, and that is not the case. And then when Mr. Galvez still said he only wanted to testify at the end of the case, counsel said he was stubborn about that. The court said, you can't put conditions on your testimony. Well, he was, he was, he was equivocated about whether, when he was equivocated about whether he wanted to testify, if he had to testify for the end of the case. But did he ever say he would not testify if that were the condition? At that point in the case, after hearing only one witness and being forced to decide whether to testify then or not at all, he said he wanted to testify. No question about that, but he wasn't supposed to have had to make that decision at that time. And that's what Brooks is all about. And the trial court, which is the finder of fact here, the one that was on the ground, actually viewing him and his demeanor said, you are being equivocal. You're being conditional here. That expressly contradicts the finding by the California court of appeal that he was unequivocal about testifying. Counsel, assuming we agree with you that there was error here, what's your best case to support the proposition that this was structural error? What Supreme court case says that forcing a defendant to testify out of order constitutes structural error? The Brooks case itself is the key case where it reversed this error without requiring any harmless error. Subsequent Supreme court cases have recognized, including chronic and another cited in the briefs, have recognized that the Brooks error is a denial of, a constructive denial of the advice of counsel at a critical stage in the proceeding, and that is well-recognized in dozen Supreme court cases to be a structural error. Well, denial of counsel has been recognized in dozens of cases to be structural error. But testifying out of order is generally a procedural matter. And the Supreme court has been reluctant to assign structural error to procedural deviation. So what's the language in Brooks that puts this situation in the category of structural error? The Supreme court is pretty clear when it's designating structural error to use that language. So what language in Brooks designates this error as structural? Brooks reversed without requiring any harmless error. That, that is the language in Brooks. They said, and this error must be reversed. I will take a minute to address the second point. Insanity is a unique concept in California law. It's in a class of its own. It's sometimes described as operating in a sense, like an affirmative defense. But as the lead case, Fernandez points out, that's not accurate. It's actually a special plea that the defendant is not guilty of committing the crime because he's incapable in law of committing crime. And that's why it falls squarely under the clearly established federal law that trial trial court is not allowed to direct a verdict against a criminal defendant on his plea of not guilty. The jury found that he had committed the acts, but it had yet to decide whether insanity prevented him from having the mental state necessary to be guilty of the crimes. And I would point out that as to the substantial evidence standard, if the court does reach that, the things that the state court found weak in Mr. Galvez's evidence were things that the prosecutor should have been arguing to the jury in closing argument. This was not conflicts in the evidence, discussions about the weight of the evidence, the credibility of witnesses. These are all for the jury to make, not the court. I'll reserve the rest of my time. All right, counsel, when you come back, you can stop the time, please. Now, when you come back, I'd like you to address the language on page 613 of Brooks that says the state makes no claim that this was harmless error. And tell me what that does to your structural error. I'll argue it. Yes, Your Honor. All right. Counsel. Good morning. May it please the court, Deputy Attorney General, Carlos Dominguez for respondent. I'd like to address the first issue and explain why Brooks does not apply and should not be extended to this case based on this court's decision in Loehr versus Thomas. This court in Loehr acknowledged the limited holding of Brooks and the broad discretion of trial courts in managing their own trials. For this reason, this court should follow Loehr and find that the trial court did not abuse its discretion. But even if this court finds that the court did error, the error in this case was not structural. Brooks did not find the error structural in that case. The government didn't argue harmless error. It assumed error and therefore never reached a structural error question. Structural error affects the entire framework of a trial from beginning to end, it affects the integrity, the fairness of the trial itself. Some examples of structural error are those like the court mentioned, the complete deprivation of counsel, an impartial judge, the denial of a public trial, the error in this case was trial error, a court like the state court of appeal was able to assess where the error itself affected the trial itself. So even assuming that there was error in this case, it would not have affected the verdict in this case. The state court reasonably. I mean, isn't it a fundamental principle of our criminal justice system that a defendant does not have to testify or present any evidence, it's the state's sole burden to prove a case against them, a criminal case against them. How is that principle not invaded when a defendant is required to testify in this case? I think the court in Brooks weighed both a defendant's right to testify and make that decision and also acknowledged the trial court's discretion in managing their own trial. The difference in this case, of course, Brooks was a state law that forced the defendant to testify if they wanted to testify before any witnesses and deprived a defendant of any guidance from counsel and deprived the trial court from their discretion in managing trials. Here, the defendant petitioner had the opportunity to confer with counsel to actually evaluate the strength of the prosecution's case. The constitutional issue is different in Brooks and in Loher than here, right? Because both of those other cases dealt with the order of testimony in the defense case, and here we're talking about making the defendant put on evidence in the state's case before the state has rested and created its full record. Isn't there a different constitutional interest in the circumstances that we're looking at in this case? No, and I acknowledge that. I'm not saying there was no error. I point to the decision of Loher versus Thomas to show that Brooks should be read narrowly. Most other circuits have read, actually, Brooks very narrowly and not applicable in situations where the trial court uses their discretion to manage their trial. But I think the most straightforward way to resolve this case is the way the state court of appeal and the district court resolved it, and that's even assuming error. Any error was harmless beyond a reasonable doubt under the federal Chapman standard. Petitioner, his testimony would not have changed regardless if he would have waited after the prosecution rested. His defense, in essence, was he didn't remember the pursuit, so it did not dispute any of the officer's testimony. He was determined to testify. Like I said, he had the opportunity to evaluate the strength of the prosecution's case because Officer Mullane's testimony was essentially the same as Officer Rowland's testimony. And finally, the evidence in this case was overwhelming because both officers identified Petitioner as the person who was driving. They either heard or saw him actually fire the shotgun out of his car. And when he was stopped, the physical evidence corroborated their testimony. A loaded shotgun was found in his car and empty empty shells were found in his car. Based on all this evidence, any error in this case was harmless beyond a reasonable doubt. Counsel, what's the language in Loher that you relied on to say that Brooks is limited? Um, what page? I don't have it in front of me, Your Honor, but I think that, you know, the language in Loher or the opinion in Loher found that the state court in that case was reasonable in in finding that Brooks Brooks would not Brooks did not apply because I think in terms of of trial trial time that the that that that would have been wasted. So do you think that in this in the circumstances that we're facing in this case where a defendant is required to present evidence during the state's case, do you think that a trial court's discretion to manage the back applies at all? Do you think it still applies in the same way as if you're talking about just the order of the defense case? I think it's going to depend on the case. I'm not I'm not asking for a bright line rule. You know, in this case. Petitioner was determined to testify, he did get a chance to evaluate the prosecution's case, he did get a chance to consult with his counsel and was able to make that decision. I wouldn't say in every case that's going to be that's going to be the case. I'm not asking for a bright line rule. I think it's going to depend on the circumstances. And I think Brooks does speak to the trial court's discretion and managing their own trials. And I think that's that's entirely correct and should apply. So I think Brooks should be read narrowly and it has been read narrowly. But I but I think the way the state court resolved this issue on harmless error, like I said, is the most straightforward way to to do that. Could I get back to my question? I was asking you about Lohr. Wasn't Lohr about apprendi error, sentencing error and ineffective assistance of counsel and not the order of testimony? I believe the first the very first issue the court discusses in Lohr was about the the testimony of the defendant. And then it was, of course, about apprendi error and and the other things your honor mentioned. The difference and the reason why I don't want to push this point to too much, you know, I'll acknowledge Lohr was a deference case in this court, you know, because both the state court because the state court assumed error in this case, it never reached the question whether the trial court did have discretion to do that. So that that question is de novo. And in Lohr, the state court actually reached that decision and found that to be reasonable. So for that reason, you know, there is no deference to that to that question. And this court would have to look at look at that de novo. But of course, you know, the harmless error standard was reached by or that decision was reached by the state court. And this court does defer to that unless that decision was unreasonable. And for the reasons I talked about, that decision was not unreasonable based on all the evidence in this case. If I could, the only thing I would say about the second issue is that there's no clearly established Supreme Court precedent as to whether a trial court may direct a sanity verdict. And for that reason alone, that precludes relief. Any other questions from the panel? Anything else, counsel? No, your honor. Thank you. I'll submit. All right. Thank you. One minute for rebuttal. Thank you, your honor. Judge Rawlinson, to your question about the Brooks case, Brooks itself said that the error required reversal. It didn't conduct any harmless error analysis. It did mention that the government wasn't arguing any harmless error, which apparently sound appropriate. And in fact, if the government couldn't have waived a harmless error argument by not arguing it, the harmless error standard either applies or it doesn't apply. A party can't waive the correct standard of review. Well, if the if the court made note of the fact that there was no harmless error argument, that was the rubric under which they decided the case. So is it fair to say that there was structural error if the Supreme Court did not even consider that issue? I guess it's just a different reading that I have of the Brooks sentence there, your honor. They were saying, and we don't have any harmless error arguments here. And in fact, this case must be reversed. And it didn't conduct any harmless error analysis of its own. It wasn't saying that the government had waived it because, again, a party can't waive the correct standard of review. And we do have subsequent Supreme Court cases making clear that this is a constructive denial of counsel at a critical stage in the proceeding. What case says that? That it's a constructive denial of counsel to force the defendant to testify out of court. What case says that? United States v. Cronic, your honor. That's different. Cronic is a complete deprivation of counsel case. Cronic listed Brooks as an example of the constructive denial of counsel being a reversible per se error. We have that citation in the reply brief. Even if this court does talk about a recent question of harmless error, it should apply a particularly exacting rect analysis here, because this is if the court finds that the Supreme Court hasn't declared it. Nonetheless, the factors of the Supreme Court takes into account in finding an error to be structural apply strongly here, including that it essentially perverted the framework of this trial to require the defendant to testify in the middle of the prosecution's case, which he may not have done. And we've pointed out how his decision to testify may well have been what doomed his defense. But beyond that, it makes it very difficult to assess harmless error because we don't know exactly how the trial would have gone. And there's reason to believe that with regard to the strength of the prosecution's evidence, you know, the first officer testified that he didn't see a gunshot. He only heard it. The second one, after Mr. Galvez testified, said he saw it for only a second and from a hundred feet away, and he thought it was at the police. But the video of the gunshot didn't show it. The jury was the only one there that could have evaluated the credibility of the testimony. And so there was a reasonable doubt there as to whether the shot was, in fact, at the police when we have the second officer driving at a hundred miles an hour seeing something for only one second. The jury could have doubted that. So it may well have been Mr. Galvez's defense presentation, you know, with his anxiety disorder, stuttering on the stand, the prosecutor batting him around that actually pushed the jury into dispelling its reasonable doubt about this point, which would have made a very big difference in the charges because of if the shot wasn't at the police, that's discharge of a firearm, but it's not assault on a police officer, which greatly increased Mr. Galvez's prison time. All right. Thank you, counsel. Thank you, counsel. The case is argued is submitted for decision by the court.
judges: Rawlinson, England, Hunsaker